UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3811-MMM (SP) | Date | September 2, 2014 |
|---|---|---|---|
| Title | KARL MASEK v. CITY OF GLENDALE, et al. | | |

| Present: The Honorable | **Sheri Pym, United States Magistrate Judge** | |
|---|---|---|
| Kimberly Carter | None Appearing | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff(s):   Attorneys Present for Defendant(s):

None Appearing   None Appearing

**Proceedings:**   **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE**

On May 23, 2014, pro se plaintiff Karl Masek filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff challenged a no-smoking ordinance in the City of Glendale as unconstitutionally vague, and contended that Glendale police officers violated his civil rights by searching and harassing him when he was not violating the ordinance. On July 15, 2014, this court, having completed screening of the complaint, found it subject to dismissal in large part, but granted plaintiff leave to file a First Amended Complaint by August 14, 2014. More than two weeks having passed beyond this deadline, the court has not received a First Amended Complaint or any other communication from plaintiff.

Accordingly, within **twenty-one (21)** days of the date of this Order, that is, by **September 23, 2014**, plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why this action should not be dismissed for failure to prosecute and/or comply with a court order. Plaintiff is cautioned that his failure to timely file a response to this Order to Show Cause will be deemed by the court as consent to the dismissal of this action without prejudice. In the event plaintiff wishes to voluntarily dismiss this action, plaintiff may complete and return the enclosed Notice of Dismissal form by September 23, 2014.

If plaintiff files a First Amended Complaint by **September 23, 2014**, this Order to Show Cause will be automatically discharged, and plaintiff need not respond to it separately.